968 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David L. HUNTER, Plaintiff-Appellant,
v.
J.T. ANDERSON; Eugene Rush; Robert Huff, Chief; Charles
Kirby, Lieutenant; City of Ypsilanti, a municipal
corporation; Ypsilanti Police
Department, Defendants-Appellees.
 No. 91-2220.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1992.
 
 Before MILBURN and SILER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 David Hunter appeals the district court's January 7, 1991, order granting defendants' motion for summary judgment as to defendants Kirby, Huff, the Ypsilanti Police Department and the City of Ypsilanti, and granting summary judgment concerning all claims against defendants Anderson and Rush except the excessive force claim. He also appeals the district court's September 25, 1991, order dismissing the action against defendant Anderson, assessing costs against Hunter and granting a directed verdict against defendant Rush. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hunter claimed that he was unlawfully arrested for a traffic violation and that his subsequent detention violated his constitutional rights. He also claimed that the arresting officers and others injured him during the arrest and subsequent proceedings, and that their actions constituted excessive use of force. He further claimed that he was maliciously prosecuted and that the City of Ypsilanti violated his constitutional rights by its policies concerning police conduct, supervision, and training. He requested damages.
 
 
 3
 The district court granted summary judgment for the City of Ypsilanti, Huff, and Kirby and as to Hunter's claims of unlawful arrest and imprisonment against Anderson and Rush. The defendants' motion for summary judgment regarding the malicious prosecution claims against Anderson and Rush was granted, but the motion was denied as to the claims concerning excessive force. The remaining issues proceeded to trial. Following a jury verdict, the court entered an order dismissing the action as to Anderson and permitting him to recover costs. The court then granted a directed verdict for Rush.
 
 
 4
 On appeal, Hunter argues that the district court erred in granting summary judgment where a genuine issue of material fact existed regarding the validity of the arrest warrants and that the jury was prejudiced regarding the trial of Hunter's excessive force claim because it did not hear his claim of unlawful seizure and deprivation of liberty.
 
 
 5
 The district court can grant summary judgment if the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Here the district court properly granted summary judgment on various issues in its preliminary order. The court also properly kept evidence of the seizure issue from the jury.
 
 
 6
 Upon consideration, we affirm the district court's October 1, 1991, and January 10, 1991, orders for the reasons stated by the district court. Rule 9(b)(3), Rules of the Sixth Circuit.